## AFFIDAVIT IN SUPPORT OF CRIMINAL COMLAINT AND PROBABLE CAUSE ARREST

Your Affiant, Lyle H. Benally, being duly sworn, hereby depose and state as follows:

1. Your Affiant has been a Special Agent (SA) with the Bureau of Indian Affairs (BIA), United States Department of the Interior for over four years, currently assigned to the Division of Drug Enforcement, and as such, is an investigative or law enforcement officer of the United States within the meaning of section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Title 18 of the United States Code, including violations which occur on Indian reservations, also known as Indian Country, within the special Maritime and Territorial Jurisdiction of the United States.

2. Your Affiant set forth only the facts that your Affiant believes are necessary to establish the required foundation for an order authorizing for an arrest warrant for the individual described herein. For that reason, Your Affiant has not included each and every known fact known to him concerning the investigation. The facts and circumstance detained in this affidavit were derived from the BIA law enforcement officers, your Affiant's personal knowledge and/or observation, including witnesses, either directly or indirectly through their reports that are involved in this investigation.

3. Your Affiant believes that the information set forth in this affidavit establishes probable cause to believe that on or about September 4, 2020, Conrad Les BOX, did commit the offense of 18 USC 922(g) – Possession of a Firearm or ammunition by a Prohibited person (Box is Convicted Felon).

## Probable Cause

4. On September 4th, 10:07 p.m., United States Department of Interior, Bureau of Indian Affairs (BIA) - Division of Drug Enforcement, K-9 Officer Nicholas Jackson herein after known as PO Jackson was patrolling the Ute Mountain Casino & Hotel Parking Lot, located at 3 Weeminuche Drive Towaoc, Colorado 81334, within the exterior boundaries of the Ute Mountain Ute Tribe. While driving through the parking lot, PO Jackson observed a 2005 Chevrolet Tahoe bearing a Colorado rear registration (#GOS615) ("the SUV"). PO Jackson knew from prior experience that the SUV belonged to Conrad Les Box ("BOX"). Specifically, on 03/26/2020 at 1841 hours, PO Jackson observed Box operate the SUV. On this same date, PO Jackson knew that BOX had evaded capture by law enforcement and fled into the Navajo Nation.

5. At the time PO Jackson observed the SUV, PO Jackson further knew that BOX had an active arrest warrant from BIA Case #BO19114787 (CRF Case #2019-2741-CR). Based on this information, PO Jackson decided to investigate whether BOX was operating the SUV at that time. As PO Jackson parked his clearly marked Canine Police Vehicle behind the SUV and exited, PO Jackson observed BOX (whom PO Jackson positively identified from prior involvement) open the driver's door, holding what appeared to PO Jackson to be a black pistol in BOX's right hand. PO Jackson observed BOX then leaned back inside the SUV out of PO Jackson's view. PO Jackson observed BOX exit the SUV, lock the doors of the SUV, and begin operating BOX's cellular phone as BOX walked towards the rear of the SUV. PO Jackson observed what appeared to be another person on the passenger side of the SUV, but was unable to confirm due to a lack of adequate light.

6. Simultaneously, PO Jackson activated his WatchGuard Dash Camera and exited the patrol vehicle before making contact with BOX. PO Jackson approached at the rear of the SUV and said "You are under arrest". PO Jackson ordered BOX to turn around and be handcuffed several times, but BOX refused to comply. BOX asked PO Jackson why he was under arrest and PO Jackson responded that he would advised after he was handcuffed. BOX continued to refuse to comply with multiple orders to "Get on the ground and that he was under arrest." Due to PO Jackson's prior knowledge of BOX, the presence of a weapon, and BOX's non-compliance, PO Jackson aimed his police Taser at BOX and called for back up. Specifically, PO Jackson knew of BOX's violent criminal history; namely, a conviction from 2004 for Assault on a Federal Officer with a Deadly Weapon, and BOX's flight from law enforcement on 03/26/2020. PO Jackson knew through his training and experience; the use of a police Taser can make it more likely officers will apprehend suspect(s) without the risk of having to use deadly force. Using a Taser in this manner enhances the safety of the officers, innocent bystanders, and even the suspect. PO Jackson also took into careful consideration the following facts before deploying his Police Taser. At the time, it was unknown if BOX hid the firearm in the SUV or placed it on his person in an attempt to conceal from view. PO Jackson knew BOX had a violent past for assault to include his active arrest warrant for Domestic Violence, Disorderly Conduct, Abduction, Trespassing and Assault and Battery (CRF Case #2019-2741-CR).

7. While pointing the Taser at BOX's upper torso area, PO Jackson grabbed BOX's right hand; PO Jackson knew that BOX was right handed from prior contact. PO Jackson gave additional verbal warnings for BOX to surrender or he could be Tased in the process during a lawful arrest.

8. Without warning, BOX started to run towards the Ute Mountain Casino entranced, ignoring multiple orders by PO Jackson to "stop." Based on the circumstances considered as a whole, PO Jackson felt he was obligated to use

his police Taser to apprehend BOX and discharged (2) Taser Cartridges (serial numbers C620PH82 & C620267R0), each cartridge being ineffective to incapacitate BOX. BOX fell multiple times as he ran while holding his waistband, which further amplified PO Jackson's concern that BOX had a weapon on his person. PO Jackson continued the foot pursuit of BOX. As PO Jackson got closer to BOX, PO Jackson was able to deploy his department issued Oleoresin Capsicum (commonly known as OC Spray) directly to BOX's face as he attempted to get up from one of his falls.

9. The spray took effective, but BOX continued to run towards the "Indian Village" (located at the intersection of Weeminuche Drive and Morning Star Lane) area where multiple members of BOX's family was gathered. PO Jackson heard several family members shouting and encouraging BOX to keep running and resist PO Jackson. The family member used profane language towards PO Jackson telling him to leave BOX alone. The unknown family members began to be hostile towards PO Jackson and surrounded PO Jackson in an attempt to interfere and prevent the arrest. PO Jackson outnumbered and in fear for his safety awaited for backup to arrive.

10. BIA Police Officers Brian King and Denise Kee herein after known as PO King and PO Kee arrived on scene and assisted with dispersing the crowd of family members around PO Jackson. BOX removed the keys from his left pocket and threw them rearward, away from BIA Police Officers. An unknown female family member attempted to take the keys for BOX's SUV. PO Jackson was able to retrieve the keys before the unknown female could obtain them.

11. After BOX was arrested by PO King, PO King placed BOX in his patrol vehicle for transportation. PO Jackson returned to the SUV and in plain view on the driver seat was an open glass bottle of "Hennessey Cognac" (i.e. An alcoholic beverage). Furthermore, PO Jackson detected an odor of marijuana emitting from the cracked (about 2-3 inches) driver's window. With probable cause to conduct a warrantless search of the SUV (based on the pistol and illegal narcotics), PO Jackson went to his patrol vehicle and retrieved his camera for photographs of the scene.

12. During the search, PO Jackson located a black color pistol wedged in between the driver's seat and the center console with rear sights and slide exposed. PO Jackson photographed the pistol with a Serial number that had been altered/obstructed or obliterated as it appeared to have been "scratched off".

13. The pistol was identified as a Black "Hi-Point Firearm" with the Serial Number Removed, Obliterated, or Altered was confirmed by PO Jackson to have (1) 45 ACP bullet in the chamber and (8) 45 ACP rounds in the pistol magazine all found loaded into the pistol. Furthermore, PO Jackson located an additional "Hi-Point Firearm" pistol magazine containing (3) 45 ACP rounds in the center console.

14. BOX was advised of his Miranda Rights by PO Jackson as he sat in the rear of PO King's patrol vehicle with the WatchGuard Dash Camera activated (video and audio). BOX advised he understood his rights and waived his rights. BOX advised he ran from PO Jackson because he knew he had an active arrest warrant for his arrest. BOX advised he heard PO Jackson advised him he was under arrest and to stop fleeing. BOX advised while speaking to his mother that he would plead guilty to the "gun" because he possessed it unlawfully. BOX advised his mother the "gun" belong to another person.

15. BOX was apprehend and transported to the BIA Towaoc Detention Center for processing.

16. Your Affiant is aware, based on training, experience, and speaking to other law enforcement officers, that no firearm companies manufacture firearms in the State of Colorado.  Further, your Affiant is that "Hi-Point Firearms" are manufactured in the State of Ohio.  Therefore, prior to being in BOX's possession, the firearm described above moved across the Colorado state line.

17. Your Affiant queried the NCIC criminal database to determine if BOX had any felony convictions.  BOX was convicted of Felony Assault on a Federal Office with a Deadly Weapon in the District of Colorado in January 2004, and was sentenced to 18 months imprisonment, to be followed by 3 years of supervised release.  Based on this conviction, your Affiant is aware that BOX is not permitted to be in possession of a firearm.

## CONCLUSION

Based on the investigation described above, probable cause exists to believe that on or about September 4, 2020, Conrad Les BOX, did commit the offense of 18 USC 922(g) – Possession of a Firearm or ammunition by a Prohibited person.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.


　　　　　　　　　　　　　　　　　　　　　　　__/s/ Lyle Benally_____
　　　　　　　　　　　　　　　　　　　　　　　Lyle Benally, Special Agent
　　　　　　　　　　　　　　　　　　　　　　　Bureau of Indian Affairs

SUBSCRIBED and SWORN before me this \_\_\_8th\_\_\_ day of \_\_Sept.\_\_ 2020.

_____
UNITED STATES MAGISTRATE JUDGE